UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

                                CASE NO. 11-CR-20148
                                18-CV-10127
v.                        HON. GEORGE CARAM STEEH

ARMANDO DAVILA,

    Defendant- Petitioner.
_____/

ORDER DENYING DEFENDANT'S 28 U.S.C. § 2255 MOTION
(Doc. 99) and DENYING CERTIFICATE OF APPEALABILITY

Now before the court is Defendant-Petitioner Armando Davila's untimely *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Defendant argues (1) he was improperly classified as a career offender because his two prior assault convictions did not meet the requirements for that enhancement, (2) he is innocent of the career offender enhancement pursuant to *Mathis v. United States*, 136 S. Ct. 2243 (2016) and (3) *Mathis* announced a new rule of constitutional law that is retroactive. Because Defendant's § 2255 motion is untimely and procedurally defaulted, and because Defendant was properly classified as a career offender, Defendant's § 2255 motion shall be denied.

## I. Background

Defendant pled guilty to conspiracy to possess with intent to distribute cocaine and was sentenced to 188-months. In his plea agreement, he agreed that he was a career offender. Defendant was sentenced as a career offender under U.S.S.G. § 4B1.1(a) because he had pleaded guilty to a "controlled substance offense" and prior to this crime, he had a conviction for a "controlled substance offense, " and he had two convictions for a "crime of violence," one, for assault with intent to do great bodily harm and two, for assault of a prison employee. According to the Presentence Investigative Report ("PSR"), Defendant was previously found guilty of assault with intent to do great bodily harm following a bench trial. The underlying facts of that case were that Defendant, along with two others, attacked a man with golf clubs and stole his gold necklace. The victim suffered a broken collarbone, lacerations to his head, and other injuries. According to the PSR, the second assault involved Defendant striking a corrections officer on the head.

Defendant filed an appeal arguing that this court erred by not applying a U.S.S.G. § 4A1.3 departure for an over-represented criminal

history. The Sixth Circuit dismissed Defendant's appeal based on the appellate waiver provision in the plea agreement.

In June, 2016, Defendant filed a prior § 2255 motion through appointed counsel from the Federal Defender's Office which also argued that he was improperly classified as a career offender. In that motion, Defendant argued that the Supreme Court's opinion in *Johson v. United States*, 135 S. Ct. 2551 (2015), which vacated the residual clause of the Armed Career Criminal Act ("ACCA") as being void for vagueness, should also void the Career Offender Guideline's definition of "crime of violence." But when the Sixth Circuit rejected that argument in *Beckles v. United States*, 137 S. Ct. 886, 890 (2017), he withdrew his § 2255 motion.

## II. STANDARD OF REVIEW

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law ... so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a

"fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998) (internal quotations and citations omitted).

### III. Analysis

The court shall deny Defendant's § 2255 motion for three reasons: (1) it is untimely; (2) it is procedurally defaulted; and (3) Defendant was properly classified as a career offender.

First, Defendant's § 2255 motion is untimely. There is a one-year period of limitations for a § 2255 motion. The applicable limitation period runs from the latest of-

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C § 2255(f). In this case, the one-year statute of limitations ran from the date on which the judgment of conviction became final.  If a prisoner's conviction is affirmed on appeal, as was the case here, the judgment of conviction becomes final when the time expires for filing a petition for certiorari – 90-days after entry of the court of appeals' judgment.  *Clay v. United States*, 537 U.S. 522, 525 (2003); U.S. Sup. Ct. R. 13(3).  The Sixth Circuit issued its opinion on January 14, 2012 so Defendant's judgment became final on April 13, 2012.  Thus, Defendant's § 2255 motion filed on January 10, 2018 is untimely.

Defendant, however, argues that his motion is timely pursuant to U.S.C § 2255(f)(3) because the Supreme Court's decision in *Mathis* allegedly announced a new retroactive rule.  This argument fails for two reasons.  First, *Mathis* did not establish a new, retroactive rule.  *See In re: Conzelmann*, 872 F.3d 375, 376-77 (6th Cir. 2017).  Second, *Mathis* was decided on June 23, 2016, and Defendant did not file his § 2255 motion until January, 2018, well past the deadline.

Defendant's motion is also procedurally defaulted.  A claim is procedurally defaulted if it is the type of claim that "can be fully and completely addressed on direct review based on the record created" in the

trial court, but was not raised on direct appeal.  *Bousley v. United States*, 523 U.S. 614, 622 (1998). Defendant did not raise the issue on direct appeal.  A procedurally defaulted claim may be raised in habeas "only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is actually innocent.'" *Id.* (citations omitted). Defendant has demonstrated neither here.  Significantly, Defendant's claim has no merit; thus, he cannot show cause or prejudice.

Even if Defendant's motion were timely and not procedurally defaulted, Defendant is not entitled to relief because he was properly classified as a career offender.  According to the Sentencing Guidelines:

> **(a)** A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. 4B1.1(a).  Defendant pled guilty to a controlled substance offense; thus, if he had two prior convictions for either a "crime of violence" or a "controlled substance offense," he was a career offender.  Defendant had a prior "controlled substance offense" as he had a previous conviction for cocaine distribution felony which he has not challenged.  Defendant

also had two prior state court convictions for assault: one, for assault with intent to do great bodily harm, another for assault of a prison employee. If either of those two offenses qualifies as a "crime of violence" he was properly characterized as a career offender. Defendant maintains that neither assault qualifies as a "crime of violence."

At the time that Defendant was sentenced, the Sentencing Guidelines defined a "crime of violence" as follows:

> **(a)** The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--
> **(1)** has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> **(2)** is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a) (2012). Under U.S.S.G. § 4B1.2(a), there are three methods of defining a "crime of violence" for purposes of establishing the career offender classification. First, if one of the elements of the crime involved the "use, attempted use, or threatened use of physical force" (the "elements" clause). U.S.S.G. § 4B1.2(a)(1). Second, if the crime was specifically delineated in 4B1.2(a)(2). Third, if the crime involved "a serious potential risk of physical injury to another" (the "residual" clause).

U.S.S.G. § 4B1.2(a)(2).

Defendant argues that Mich. Comp. Laws § 705.84, which makes it a crime to commit an assault with intent to do great bodily harm, does not fall within the "elements" clause of U.S.S.G. § 4B1.2(a)(1) because it is possible to violate that statute without proof of the "use, attempted use, or threatened use of physical force." But the Sixth Circuit's decision in *United States v. Sanders*, 708 F. App'x 868, 869 (6th Cir. 2018) (citing *Raybon v. United States*, 867 F.3d 625, 631-32 (6th Cir. 2017)) precludes that argument. In *Sanders*, the Sixth Circuit held that Mich. Comp. Laws § 705.84 qualifies categorically as a "crime of violence" for sentencing purposes. *Id.* Accordingly, Defendant's prior conviction for assault with intent to do great bodily harm constitutes a "crime of violence" within the "elements" clause of U.S.S.G. § 4b1.2(a)(1), and he was properly classified as a career offender.

In his Reply, Defendant argues that the Supreme Court's recent decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) entitles him to relief here. But *Dimaya* involved the constitutionality of a statute rendering an alien deportable when convicted of an "aggravated felony." *Id.* at 1211. The statute defined an "aggravated felony" to include a "crime of violence."

*Id.* The criminal statute defining "crime of violence" was set forth in two clauses: an elements clause and a residual clause. *Id.* The Court found that the residual clause which defined a "crime of violence" in a similar way to the residual clause set forth in the ACCA which it had previously invalidated, was constitutionally infirm as void for vagueness under the Due Process Clause. *Id.* at 1223. *Dimaya* does not entitle Defendant to relief for two reasons. First, Defendant's assault conviction qualifies as a "crime of violence" under the "elements" clause, not the residual clause. Second, the Supreme Court has held that the advisory Sentencing Guidelines "are not subject to vagueness challenges under the Due Process Clause." *Beckles*, 137 S. Ct. at 890.

## IV. Conclusion

For the reasons set forth above, Defendant's § 2255 motion to vacate, set aside, or correct sentence (Doc. 99) is DENIED. Under Fed. R. App. P. 22, an appeal may not proceed absent a certificate of appealability (COA) issued under 28 U.S.C. § 2253. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court finds no substantial showing of the denial of a constitutional right was made by

defendant in these proceedings, and accordingly the issuance of a certificate of appealability is **DENIED**.  In addition, because any appeal of this order or the court's order denying defendant's motion to vacate, set aside, or correct his sentence would not be taken in good faith, defendant is **DENIED** leave to appeal *in forma pauperis*.

**IT IS SO ORDERED**.

Dated:   June 26, 2018

> s/George Caram Steeh
> GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 26, 2018, by electronic and/or ordinary mail and also on Armando Davila #43918-039, FCI McKean, P. O. Box 8000, Bradford, PA 16701.

s/Barbara Radke
Deputy Clerk

---